UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 10, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| CHRISTOPHER YOUNG,<br>also known as<br>TOPHER YOUNG, | : | VIOLATION:<br>18 U.S.C. § 2252(a)(2), (b)(1)<br>(Distribution of Child Pornography) |
| Defendant. | : | FORFEITURE:<br>18 U.S.C. § 2253;<br>21 U.S.C. § 853(p) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about October 15, 2024, within the District of Columbia and elsewhere, the defendant, **CHRISTOPHER YOUNG**, also known as **TOPHER YOUNG**, did knowingly distribute and attempt to distribute one or more visual depictions using a means and facility of interstate and foreign commerce, and which visual depictions had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct.

(**Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1))

**FORFEITURE ALLEGATION**

1. The United States hereby gives notice to the defendant, **CHRISTOPHER YOUNG**, also known as **TOPHER YOUNG**, that upon his conviction of either of the offenses charged in Count One of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 2253(a), of (a) any visual depiction described in Section 2251, 2251A, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of such sections; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or promote the commission of such offenses or any property traceable to such property, including but not limited to an Apple iPhone.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 2253, and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*Edward Martin* /JJI
Attorney of the United States
and for the District of Columbia